IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROYAL CREDIT UNION,

                Plaintiff,

  v.

                                         OPINION and ORDER

MILDRED L. HARTNELL,
FREDERICK W. HARTNELL,                    21-cv-810-jdp
RYAN T. BECHARD,
and KATHLEEN L BECHARD,

                Defendants.

---

RYAN THOMAS BECHARD,

                Plaintiff,

  v.

UNITED STATES,
U.S. ATTORNEY GENERAL,
SECRETARY OF THE TREASURY,
COMPTROLLER OF THE CURRENCY,
FEDERAL DEPOSIT INS. CORP,          OPINION and ORDER
RYAN THOMAS BECHARD,
KATHLEEN LYNN GEHRKE,              21-cv-811-jdp
SERENA ANNE BECHARD,
LUCAS GORDAN BECHARD,
GORDON LEROY BECHARD,
ARTHUR RAYMOND BECHARD,
LORRAINE ARLENE BECHARD,
and LESTER CARL SCHLEUSNER,

                Defendants.

ROYAL CREDIT UNION,

                Plaintiff,

    v.

                                                             OPINION and ORDER

MILDRED L. HARTNELL,
FREDERICK W. HARTNELL,                                22-cv-10-jdp
RYAN T. BECHARD,
and KATHLEEN L BECHARD,

                Defendants.

---

Ryan Thomas Bechard has brought a series of cases in this court. Case no. 21-cv-810-jdp is a state-court foreclosure case that Bechard removed to this court. Case no. 21-cv-811-jdp is a civil action that Bechard labels as one for "Original Libel of Information Initiating a Suit in Admiralty." Dkt. 1, at 1 in the '811 case. I remanded the '810 case and dismissed the '811 case because Bechard was barred from filing lawsuits in this court until he paid a $500 sanction issued against him for filing several frivolous cases. Dkt. 2 in the '810 case; *see also Bechard v. Rios*, No. 14-cv-867-wmc, 2014 WL 7366226 (Dec. 24, 2014) (imposing sanction).

Bechard has responded by paying the $500 sanction; filing a motion to reopen his cases, Dkt. 4 in the '810 case; and filing another removal of the state-court foreclosure case, this one assigned case no. 22-cv-10-jdp.

I won't reopen either of the closed cases and I will remand the '10 removal. Even after paying off his sanction, Bechard's removal of the state-court foreclosure case, Buffalo County Case No. 2021CV10, is flawed in multiple respects. For instance, my review of the state court system's electronic docket[1] shows that Bechard was served with the complaint by May 2021 at the latest and judgment was entered against him and his co-defendants in October 2021; it is

---

[1] Available at http://wcca.wicourts.gov.

far past his deadline to remove this case. *See* 28 U.S.C. § 1446(b)(1) (defendant has 30 days from service of complaint to file removal). And Bechard cannot remove the case without consent of the other defendants in that case. Section 1446(b)(2)(A). The '10 removal suffers from the same flaws, so it must be remanded.

There is no reason to reopen Bechard's '811 civil action because it is frivolous. Similar to his previous cases, Bechard incorrectly invokes this court's admiralty jurisdiction and advances long-discredited "sovereign citizen" theories of government illegitimacy in an effort to revoke his status as a "Indenture Trustee" of the United States. He does not state any plausible claims for relief. *See, e.g., United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993) (argument that individual is sovereign citizen of state who is not subject to jurisdiction of United States and not subject to federal taxing authority is "shopworn" and frivolous); *Bechard*, 2014 WL 7366226 at *1 (case dismissed where Bechard "maintain[ed] that the social security number that issued along with his birth certificate . . . is really an identification number for a German-owned insurance policy.").

The court issued the $500 sanction against Bechard because he repeatedly filed frivolous lawsuits. Bechard paid off the sanction, but only for the purposes of pursuing additional frivolous litigation. I conclude that the only effective way to stop Bechard from wasting judicial resources is to sanction him further. Therefore, any civil action that Bechard files in this court as a plaintiff will be docketed and summarily dismissed. The court will also review any removal of state-court action that Bechard files to determine whether it should be summarily remanded. After two years, Bechard may file a motion asking me to lift or modify this filing bar.

3

ORDER

IT IS ORDERED that:

1. Ryan Thomas Bechard's motion to reopen case nos. 21-cv-810-jdp and 21-cv-811-jdp, Dkt. 4 in the '810 case, is DENIED.

2. Case no. 22-cv-10-jdp is REMANDED to state court.

3. The sanctions against Bechard are modified as set forth in this opinion.

Entered January 7, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge